UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SCHWAB, | ) | CASE NO. 5:11CV1216 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| J.F. BERNARD, INC., et al. | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge. (Doc. 16.) The R&R recommends that the Court grant in part and deny in part the motion to conditionally proceed as a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), filed by plaintiff Richard Schwab ("plaintiff" or "Schwab") on behalf of himself and other similarly situated employees of defendants J.F. Bernard, Inc. and Joseph Bernard, Jr. (collectively as "defendants"). (Doc. 8.) Plaintiff has filed objections (Doc. 17) to the R&R to which defendants have replied. (Doc. 21.) For the reasons that follow, the objections are **SUSTAINED**, the R&R is **ACCEPTED in part** and **REJECTED in part**, and plaintiff's motion is **GRANTED**.

### I. BACKGROUND

The facts in this case are largely undisputed and are outlined thoroughly within the R&R issued by the Magistrate Judge. Plaintiff does not object to the Magistrate Judge's recitation of the facts, but only to her analysis thereof and her legal conclusions. Accordingly, the

Court will **ADOPT** the factual and procedural background set forth in the R&R (Doc. 16 at 2-4) without alteration or addition.

In order to provide context for the discussion herein, however, the Court will briefly relate the basic procedural events that give rise to the Court's ruling. The complaint alleges that, in violation of the FLSA, defendants failed to pay lawful wages and overtime compensation to plaintiff and other similarly situated employees that worked for defendants as HVAC installers. In his motion for conditional certification, plaintiff requests an order permitting him to proceed conditionally with his case as a collective action with regard to the following four policies and practices in alleged to violate the FLSA: (1) failure to compensate for travel outside the normal commuting area; (2) failure to compensate for travel between the shop and worksites; (3) failure to compensate for travel between worksites during the day; and (4) failure to compensate for pre- and post-shift activities that were integral and indispensable to the employees's principle activities.

The R&R recommends that the Court grant plaintiff's motion as to all but the first claim—that defendants failed to properly compensate its HVAC installers for travel time when required to travel outside their normal commuting area. The Magistrate Judge recommends that the Court deny conditional certification as to this claim, finding that plaintiff has not made the requisite "modest factual showing" that defendants had a common policy or plan that violated the law. Plaintiff objects only to this recommendation. Because plaintiff has objected only to this portion of the R&R of the Magistrate Judge, the remainder is, except as otherwise noted, hereby **ACCEPTED** as written.

## II. DISCUSSION

**A.  Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) (providing that a district judge "shall make a de novo determination of those portions of the magistrate judge's report to which objection is made"). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may receive further evidence, but is not required to do so. 28 U.S.C. § 636(b)(1)(C); *United States v. White,* 295 F.Supp.2d 709, 712 (E.D. Mich. 2002) (citing 12 Fed. Prac. & Proc. Civ. § 3070.2).

### B. Conditional Certification Standard

A collective action under the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Courts have discretion to certify a class conditionally for purposes of serving notice, but only "in appropriate cases." *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989).

Courts generally employ a two-stage approach for determining whether it is appropriate to certify a collective action under § 216(b). *See White v. MPW Indus. Servs., Inc.,* 236 F.R.D. 363, 366 (E.D. Tenn. 2006) (citing cases). Conditional certification, which plaintiff now seeks, is the first step in this process. In order to receive conditional certification of a collective action, the plaintiff bears the burden of establishing that he and the class he proposes to represent are "similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). To satisfy this burden at the notice stage, the plaintiff must only "make a modest factual

3

showing" that he is similarly situated to the other employees he seeks to notify. *Id.* at 546-47. The standard at the notice stage is "fairly lenient … and typically results in 'conditional certification' of a representative class[.]'" *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F .Supp. 2d 493, 497 (D.N.J. 2000)). The Court later makes a final determination on whether class members are similarly situated based upon a thorough review of the record after discovery is completed.[1]

The Sixth Circuit recently observed, "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 584 (6th Cir. 2009). The court in *O'Brien* explained, "[s]howing a 'unified policy' of violations is not required" to support certification of a collective action. *Id.* at 584. Rather, plaintiffs may also meet the similarly situated requirement if they demonstrate, at a minimum, that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 585.

In the initial phase, the Court considers the following factors in making its determination of conditional certification: (1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence of a

---

[1] After a plaintiff clears the first hurdle, and notice has been issued and discovery completed, the defendant can file a motion for decertification, challenging the court's preliminary determination that the putative class members are similarly situated. At the second stage, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953 (11th Cir. 2007) (citation omitted). If the conditional group fails to satisfy the standard at the second stage, the class is decertified, the opt-in plaintiffs are dismissed without prejudice, and any remaining plaintiffs proceed to trial. *Lugo v. Farmer's Pride Inc.,* No. 07-cv-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008) (citations omitted).

"widespread" discriminatory plan affecting those plaintiffs, which was maintained by defendants. *Mehmedi v. La Dolce Vita Bistro, LLC,* No. 1:10 CV 01591, 2010 WL 4789579, at *1 (N.D. Ohio Nov. 17, 2010) (citing *Berger v. Cleveland Clinic Found.,* No. 1:05 CV 1508, 2007 WL 2902907 (N.D. Ohio Sept. 29, 2007)). "Due to the lenient standard at the conditional certification stage, a court does not[,] [however][,] resolve factual disputes or make credibility determinations at this stage." *Beetler v. Trans-Foam, Inc.,* No. 5:11CV132, 2011 WL 6130805, at *3 (N.D. Ohio Dec. 8, 2011).

### C. Travel Outside Normal Commuting Area

Plaintiff's objection asserts that this action should be allowed to conditionally proceed as a collective action with respect to his claim that defendants failed to compensate for travel between home and work outside the normal commuting area. The Sixth Circuit has summarized an employer's duty under the FLSA in *Chao v. Tradesmen Int'l, Inc.,* 310 F.3d 904 (2002):

> The FLSA requires employers to pay at least a specified minimum wage for each hour worked, *see* 29 U.S.C. § 206, and overtime compensation for employment in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1). Although the term "work" is not defined in the statute, the Act defines "employ" to mean "to suffer or permit to work." *Id.* § 203(g); *see also* 29 C.F.R. § 785.6. The Supreme Court has defined work to include any time "controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598, 64 S. Ct. 698, 88 L. Ed. 949 (1944) (footnote omitted). However, the Portal to Portal Act, which amends the FLSA, modified this judicial construction of hours worked to exclude from compensation activities that are "preliminary to or postliminary to said principal activity or activities." 29 U.S.C.A. § 254(a)(2) (West 1998); *Aiken v. City of Memphis,* 190 F.3d 753, 758 (6th Cir.1999).

*Chao,* 310 F.3d at 907 (footnote omitted).

Travel time is generally not considered a principal activity of employment. "An employee who travels from home before the regular workday begins and returns home at the end

of the workday is engaged in normal 'home to work' travel; such travel is not hours of work." 5 C.F.R. § 551.422(b). The phrase "normal travel" is not an objective standard of how far most workers commute or are reasonably expected to commute, but rather "a subjective standard, defined by what is usual within the confines of a particular employment relationship." *Kavanagh v. Grand Union Co., Inc.,* 192 F.3d 269, 272 (2d Cir. 1999); *accord Smith v. Aztec Well Servicing Co.,* 462 F.3d 1274, 1286 n. 3 (10th Cir. 2006). Accordingly, home-to-work travel that is " 'a contemplated, normal occurrence'" of the employment relationship is viewed as "normal travel" under the regulation, despite the length of the commute. *Id.* (quoting *Kavanagh,* 192 F.3d at 273).

There are, however, certain exceptions to this rule. First, travel time to a worksite is compensable when an employee is required to report to a meeting place to receive instructions or perform other work before or after traveling to or from the work site. 29 C.F.R. § 785.38 ("Where an employee is required to report at a meeting place to receive instructions or to perform work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work…."); *see also*, 29 C.F.R. § 790.7(c) (noting that the limitation on the compensability of travel does not "include travel from the place of performance of one principal activity to the place of performance of another, nor does it include travel during the employee's regular working hours."); *Jordan v. IBP, Inc.,* 542 F. Supp. 2d 790, 800 (M.D. Tenn. 2008) ("[P]reliminary and postliminary activities are compensable under [the] FLSA, in spite of the Portal-to-Portal Act, so long as they occur after the workday has begun and before it has ended."). This is known as the "continuous workday" rule. *IBP, Inc. v. Alvarez,* 546 U.S. 21, 28 (2005). Further, the regulations provide that travel from home to work is compensable if such compensation is required by a written or unwritten contract or a custom and practice in effect at

6

the time. 29 C.F.R. § 254(b).

Here, Schwab alleges he "was not properly compensated for travel time when he was required to travel outside Defendants' normal commuting area." (Compl. ¶ 18.) Further, he alleges that defendants' HVAC installers are "required to travel to jobsites outside the normal commuting area, but Defendants regularly do not compensate the employees for this travel time." (*Id.* ¶ 26.) Additionally, Schwab has submitted his affidavit, in which he avers that defendants previously had a policy of paying employees for travel time when an employee was required to travel beyond an hour from home to a worksite, but defendants discontinued this policy in late 2008 or early 2009. (Doc. 9-1, Schwab Aff. ¶¶ 6-8.) Schwab indicates that during this time, he often worked in Pittsburgh, Pennsylvania and was not paid travel time for his daily commute, which was around three hours round trip. (*Id.* ¶ 9.)

Additionally, plaintiff has submitted the affidavits of Ronald Gary Roberts and Matthew Oakes, leased employees who also worked for defendants as HVAC installers. Roberts and Oakes aver that defendants did not compensate them for travel time, that defendants required each of them to travel two hours one way to a jobsite without pay, and that they are both aware of other HVAC installers who defendants required to drive to Pittsburgh, but did not compensate for travel time. (Doc. 9-2, Roberts Aff. ¶¶ 7-10; Doc. 9-3, Oakes Aff. ¶¶ 7-10.) Further, Oakes avers that his normal drive time was around a half hour one-way. (Oakes Aff. ¶ 8.) Both Oakes and Roberts indicate that defendants have a company-wide policy of not paying employees for travel time.

The Magistrate Judge concluded that Schwab's pleadings and affidavits fail to make the required "modest factual showing" necessary to certify a collective action based on a claim that defendants failed to pay for travel between home and worksites outside the normal

7

travel area. (Doc. 16 at 11.) Specifically, the Magistrate Judge found that Schwab failed to include any factual allegations to clarify what is meant by "normal commuting area" in this case and has not alleged that a written or non-written contract required defendants to compensate employees for home-to-work-and-back travel. (*Id.* at 12.) Further, the Magistrate Judge concluded that defendants' changed travel compensation policy became the new standard or expectation for the parties' employment relationship by which travel to distant worksites, such that no travel time from home to the work site was compensable pursuant to the FLSA. In other words, the Magistrate Judge found that, as to this category, plaintiff failed to present any evidence of a "widespread" discriminatory plan maintained by defendants, which affected the proposed class.

Plaintiff objects that, at this stage of conditional certification, he is only required to make a modest factual showing that he is similarly situated to the other putative class members, and he need not present any factual allegations to clarify what is meant by "normal commuting area." Plaintiff admits that the affidavits submitted do not contain detailed facts outlining the "normal commuting area," but argues that this information will be available after further discovery and thus, properly subject to further determination by the Court at the second stage of certification. Plaintiff asserts that the complaint and affidavits meet the minimal burden imposed at this stage, by alleging a company-wide policy of failing to pay employees for required travel outside their normal commuting area. He argues that what is "normal," is a subjective determination depending on the facts of the particular employment relationship and objects that such a determination is inappropriate for the Court's consideration at this stage in the process. Finally, plaintiff notes that the Magistrate Judge's recommendation that was adopted by the Court in a factually similar case against the same defendants supports his position here. In

that case, the Magistrate Judge concluded that, "Whether [plaintiff] is correct that more than 'normal travel' to and from the worksite is compensable under the FLSA is not critical to the issue of conditional certification[,]" because no merits based inquiry may be made at this stage of the case. *Oakes v. J.F. Bernard*, No. 5:11-cv-1006, 2011 WL 6415535, at *6, n. 7 (N.D. Ohio Nov. 22, 2011). Plaintiff's objection is well-taken.

Defendants argue in opposition that this case is distinguishable from *Oakes* because defendants opposed certification "*in toto*" in *Oakes*, whereas, here, they oppose certification of just two of Schwab's four claims. (Doc. 21 at 6.) As between *Oakes* and this case, however, the minor dissimilarity between the defendants' arguments does not support a conflicting result here. Both cases rely on the same affidavits, containing the same information. In *Oakes*, defendants challenged the motion for conditional certification in toto, but they also raised the very same challenge to certification of a claim for compensation for travel outside the plaintiff's normal commuting area as they do in this case. It matters not to the analysis, however, whether defendants challenge all or some of plaintiff's claims. In either case, the Court is not to decide the merits of plaintiff's claim, but only whether plaintiff has made the modest factual showing that he is similarly situated to the other putative class members. This is exactly the determination that was made in *Oakes* by the Magistrate Judge that was subsequently adopted, without objection, by the Court. The Court concludes that the different result reached by the Magistrate Judge in this case is unwarranted.

Indeed, at this phase of the certification process, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Parr v. Hico Concrete, Inc.*, 3:10cv1091, 2011 WL 3293391, at *2 (M.D. Tenn. Aug. 1, 2011) (internal quotation marks and citations omitted). Rather, the Court is "simply

9

adopting a procedure which permits notice to be given to other potential class members." *Murton*, 2008 WL 5725631, at *3 (citations omitted). Given this fairly lenient standard, the Court concludes that plaintiff has made the required modest factual showing that he and the proposed class were potentially subject to a company-wide policy that violated the FLSA. Further, the Court will not decide the present factual dispute as to whether or not plaintiff's travel to distant locations was special or unusual and thus compensable, rather than a non-compensable, contemplated, normal occurrence of the employment relationship. *See Amos v. United States*, 13 Cl. Ct. 442, 449 (1987) ("[T]he determination of whether walking, riding, or traveling time is compensable, like the determination of whether an activity is preliminary or postliminary, must turn upon fact.") (citing *Carter v. Panama Canal Co.,* 314 F. Supp. 386 (D.D.C. 1970), *aff'd,* 463 F.2d 1289 (D.C. Cir. 1972), *cert. denied,* 409 U.S. 1012 (1972)). *Id.* (citation omitted).

This is not to say that plaintiff's claim will necessarily succeed or that the FLSA even requires defendants to compensate plaintiff for commute time under the circumstances presented. Indeed, the affidavits submitted allege that defendants' employees were not compensated for travel between home and worksites outside defendants' "normal" commuting area, but also that Schwab, Oakes and Roberts regularly traveled to Pittsburgh, which supports defendants' assertion that commutes to various jobsites were within the confines of their employment relationship. On these facts, it is not at all clear that defendants' policy of not compensating for commute time violated the FLSA. Nevertheless, in light of the fairly lenient standard applicable to this stage of the case that forecloses the Court from resolving this factual dispute or making credibility determinations, the Court finds that plaintiff has made the required modest factual showing necessary to meet the similarly situated requirement.

Contrary to defendants' assertions, this Court's decision in *Murton v. Measurecomp*, *LLC,* No. 1:07CV3127, 2008 WL 5725631 (N.D. Ohio June 9, 2008) does not counsel a different result here. In *Murton*, the defendant employer objected to conditional certification on the basis that the plaintiff had failed to present sufficient evidence that he or the other putative class members were, in fact, subjected to any FLSA overtime violations. In that case, the plaintiff's allegations were supported by his affidavit and that of a coworker, a coworker's deposition testimony, and a letter from the employer acknowledging the possibility that certain employees were not properly compensated for overtime. In opposition to conditional certification, the employer disputed the plaintiff's allegations that he and the other employees had worked more than forty hours per week without receiving overtime compensation. This Court overruled the employer's objection, noting that, absent conclusive proof to the contrary, plaintiff had met his burden of establishing a potentially FLSA-violating company-wide policy. Further, this Court held that

> [r]equiring any more factual support from Plaintiff at this early stage, or weighing [the employer's] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification. It is well-settled that no merits-based inquiry is appropriate at this stage.

*Murton*, 2008 WL 5725631, at *5 (citations omitted).

Although the facts as presented make this issue a close call due to the internal inconsistencies in plaintiff's own evidence, plaintiff's objection is sustained and his motion for conditional certification on this claim is granted.

If, after discovery is completed, the evidence reveals that the company policy does not violate the FLSA, defendants may seek to decertify the collective action or may move

for summary judgment on plaintiff's claim. "Such motions would be subject to review significantly more stringent than the instant first-stage motion for conditional certification. Thus, the Court concludes that [defendants'] objections to the weight of the factual support for Plaintiff's claim[] [is] appropriately [] left for another day." *Murton*, 2008 WL 5725631, at *5.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's objection to the R&R is **SUSTAINED**, the R&R is **ACCEPTED in part** and **REJECTED in part**, and plaintiff's motion to proceed conditionally with this case as a collective action pursuant to the FLSA is **GRANTED.** Further, counsel shall have ten (10) days from the date of this order to negotiate the language of the notice to potential class members.[2]

**IT IS SO ORDERED**.

Dated: March 28, 2012

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] Defendants' opposition brief to plaintiff's motion included a proposed notice. Schwab replied to the request by asking that the Court allow the parties two weeks from the date of this decision in which to negotiate the language of the notice. (Doc. 12 at 6.) The R&R recommends that the Court grant counsel ten days to negotiate the language of the notice. (Doc. 16 at 16.) No objections were filed to this recommendation. The Court finds the recommendation reasonable and accepts the same.